UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TATIANE PEREIRA ARANTES (2),<br><br>Defendant. | Case No.  21cr1538-GPC<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant TATIANE PEREIRA ARANTES (2) ("Defendant"), pursuant to 18 U.S.C. §§ 981(a)(l)(C), 982(a)(l), 982(a)(2)(b), 1028(b)(5) and 28 U.S.C. § 2461(c), as properties involved in the commission of the violation of 18 U.S.C. § 1349 in Count 1 of the Indictment, 18 U.S.C. § 1956 in Count 2, and 18 U.S.C. § 1028A in Counts 5, 10, 12, 15 and 16, as charged in the Indictment; and

WHEREAS, on or about January 26, 2022, Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to Counts 1, 2, 5, 10, 12, 15, and 16 of the Indictment, which pleas included consent to the forfeiture allegations of the Indictment, including forfeiture of the following:

1. an Apple iPhone 11 Pro Max IMEI #353894108167957;
2. an Apple iPhone 6s IMEI # 355421071338726;

      3. a Lenovo Laptop with Serial Number R90WQA8X;

      4. an ASUS Chrome Laptop with Serial Number K6NXCV13A59326B; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. §§ 981(a)(l)(C), 982(a)(l), 982(a)(2)(b), 1028(b)(5), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title, and interest of Defendant TATIANE PEREIRA ARANTES (2) in the following properties are hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(l)(C), 982(a)(l), 982(a)(2)(b), 1028(b)(5) and 28 U.S.C. § 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

      1. an Apple iPhone 11 Pro Max IMEI #353894108167957;

      2. an Apple iPhone 6s IMEI # 355421071338726;

      3. a Lenovo Laptop with Serial Number R90WQA8X;

      4. an ASUS Chrome Laptop with Serial Number K6NXCV13A59326B.

//

2.     The aforementioned forfeited assets are to be held by Customs and Border Protection in its secure custody and control.

3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third- party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.     The United States shall also, to the extent practicable, provide direct

//

//

written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: April 5, 2022

Hon. Gonzalo P. Curiel
United States District Judge